

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| MICHELE BRYCE, | Civil Action No. 3:20-CV-0458 |
| Plaintiff, | |
| V. | **COMPLAINT FOR:** |
| CHOICE HOTELS INTERNATIONAL, LLC, DEPARTMENT OF HOMELAND SECURITY, FEDERAL BUREAU OF INVESTIGATION, VIRGINIA STATE POLICE DEPARTMENT, SALEM OREGON POLICE DEPARTMENT, Defendants. | 1. Intentional Infliction of Emotional Abuse<br>2. Battery<br>3. Conspiracy Against Rights<br>4. Abuse of Process |

**JURY TRIAL DEMANDED**

**TABLE OF CONTENTS**

I.  INTRODUCTION .................................................. Pg. 2

II. JURISDICTION AND VENUE ............................. Pg. 3

III. PARTIES

    a) PLAINTIFF .................................................. Pg. 3

    b) DEFENDANTS ........................................... Pg. 3

IV. FACTUAL ALLEGATIONS ................................ Pg. 4

V. CAUSES OF ACTION

    1. Intentional Infliction of Emotional Abuse ............. Pg. 6

    2. Battery ................................................................... Pg. 9

    3. Conspiracy Against Rights .................................... Pg. 10

    4. Abuse of Process ................................................... Pg. 13

VI. PRAYER FOR RELIEF ........................................ Pg. 16

VII. JURY TRIAL DEMANDED ................................ Pg. 17

## INTRODUCTION

1. **NOW COMES PLAINTIFF, MICHELE BRYCE** (BRYCE), pursuant to Civil Procedure 4(a), files this Complaint alleging that Bryce was harmed with substantial bodily injury, and tormented over a long period of time, by and/or by the nature of their actions, causing serious damage, physical and emotional, and pleads claims under the Federal Tort Claims Act (FTCA) 28 U.S.C. §§ 1346, 2671 *et seq*, against Defendants Choice Hotels International, LLC (CHOICE), Department of Homeland Security (HOMELAND), Federal Bureau of Investigation (FBI), Virginia State Police Department (VSPD), Salem Oregon Police Department (SOPD).

2. In 2017 Kari's Law was passed into law, requiring all Hotels to upgrade their telephone lines to ensure that all guests have immediate access to Emergency Services by being able to directly dial for emergency help (911) without first having to dial a 9 to get an outside line and then dial (911) for help.

3. CHOICE refused to make this lawful, legally required correction, regardless of several requests by BRYCE, and regardless of the fact that they had the finances available because they had just taken out a $400,000,000 loan.

4. In reality, the vast amounts of money these Defendants have paid to fancy lawyers, would have covered the cost of fixing the phones.

5. On, or about, November 18, 2018 BRYCE attempted to file the first complaint against CHOICE in the Georgia Courts, asserting that CHOICE's hotel guest room telephones were not up to code, as required by Kari's Law, allowing guests to dial nine, one, one (911) directly, without first having to dial a nine (9) to obtain an outside line. This matter was dismissed by the Court, claiming non-service, even though Defendants were served by the Judges Clerks themselves, per the Judge's orders.

6. A second filing was attempted in January, 2018, also dismissed, also claiming non-service, even though the United States Marshal's office declared them properly served.

7. When CHOICE refused to correct the situation, and the lower courts continued to block BRYCE from further filings, BRYCE decided to file an appeal with a higher court. That's when all hell broke loose.

## JURISDICTION AND VENUE

8. Jurisdiction is proper per 28 USC § 1332(a)(1) and 28 USC § 1346(b)(1) as United States Agencies are Defendants and Diversity of Citizenship.

9. Venue is also proper per 28 USC § 1391(b)(2) as a substantial part of the events occurred in this district.

## PARTIES

10. Plaintiff, Michele Bryce is, and at all times relevant, was a citizen of Florida, Hillsborough County, working and residing within these United States.

11. Defendants Choice Hotels International, LLC, Department of Homeland Security, Federal Bureau of Investigation, Virginia State Police Department, Salem Oregon Police Department are sued for Plaintiff's personal injuries caused by the negligent, willful or wrongful acts or omissions of it's employees. Those employees were acting within the scope of their employment or office under circumstances where these Defendants, if private persons, would be liable to Plaintiff in accordance with laws of the state of Virginia.

## **FACTUAL ALLEGATIONS**

12. On, or about, March 15, 2019, BRYCE was contacted by a person who claimed to be working on behalf of CHOICE and instructed BRYCE to cease and desist with the filing of an appeal in the matter against CHOICE. Further, BRYCE was informed that any continued actions taken against CHOICE would result in BRYCE's imminent death.

13. BRYCE immediately contacted SOPD to report the threat. BRYCE met with Officer Davis of the SOPD, who stood before BRYCE the entire time with hands folded at the waist, refusing to accept evidence of threat nor taking any notes, and instructed BRYCE to get a good night's rest and to reconsider reporting this threat.

14. On, or about, April 10, 2019, despite being warned not to, BRYCE filed an appeal in the matter against CHOICE with the Ninth Circuit Court in San Francisco, CA. After filing said appeal, BRYCE was approached, in person, by CHOICE's assailant/employee enforcing the threat made in Salem, Oregon. CHOICE's assailant/employee, placed himself directly in front of BRYCE, within a crowd of people, made a gun figure using his hand and fingers, pointed this simulated weapon in BRYCE's face and stated that BRYCE had made a poor decision in filing the before mentioned appeal.

15. Immediately, BRYCE contacted the FBI. The intake person stated that someone from the FBI would contact BRYCE within seven (7) to ten (10) business days. After the aforementioned time had passed, with no contact from FBI, again BRYCE contacted the FBI. This time BRYCE spoke with Agent Johnson and was told that it would be in BRYCE's best interest to disappear.

16. On, or about, June 14, 2019, BRYCE contacted office of United States Government Contracts Division, Regina Harden, to inform them of CHOICE's noncompliance with maintaining CHOICE's government contracted facilities per code and the danger to the lives of military/government employees.

17. HOMELAND immediately opened an investigation into BRYCE for making threats against CHOICE, unlawfully labeling BRYCE a 'Lone Wolf Terrorist'.

18. BRYCE was contacted by Special Agent Frank Skrtic, Region 4, Threat Management Branch, Federal Protective Service of HOMELAND. When BRYCE gave evidence to Special Agent Frank Skrtic that it was, in fact, CHOICE which had made threats against BRYCE and was, in fact, in violation of CHOICE's government contract, HOMELAND immediately closed the case.

19. On, or about, June 16, 2019, BRYCE was contacted by Brenda Boykin, stating she was Attorney General of the FCC division of HOMELAND and further stated that CHOICE would not be investigated anytime in the distant future. When BRYCE inquired as to HOMELAND investigating the murder threats CHOICE had made against BRYCE, Brenda Boykin stated that this was not HOMELAND's problem, but good luck.

20. On, or about, November 27, 2019, BRYCE posted on social media that BRYCE would be continuing the case against CHOICE up to the Supreme Court. Within hours of this posting, BRYCE was attacked, beaten, repeatedly kicked in the head and left lying unconscious on the side of Highway 95, just outside of Richmond, Virginia, by CHOICE's assailant/employee whom had presented himself on behalf of CHOICE on two previous occasions.

21. When BRYCE regained consciousness, BRYCE sought medical attention at Southern Regional Medical Center, located in Petersburg, Virginia, where hospital staff contacted VASPD for BRYCE to file a formal report. Prior to meeting with VASPD, Imoni Woodberry entered BRYCE's room, claiming to be a victim's advocate for VASPD, and removed all traces of DNA evidence of CHOICE's assailant/employee from BRYCE's person.

22. BRYCE then met with Deputy Poselli Of the VASPD and, to the best of BRYCE's ability, notwithstanding the severe head trauma BRYCE had endured, reported the attack.

23. Within the hour, BRYCE was escorted by two uniformed police officers, to Southern Regional Medical Center's locked psychiatric facility for criminal detainees. BRYCE was detained at this locked facility, without care for head trauma or wounds, against BRYCE's will, without cause, without the ability to contact a lawyer, without any formal hearing or trial, for six days.

24. Upon BRYCE's release from this unlawful detention, BRYCE was informed that all DNA evidence collected of CHOICE's assailant/employee, had been destroyed.

## **FIRST CAUSE OF ACTION**

**Intentional Infliction of Emotional Abuse**

**(Against Defendants for Damages)**

25. Plaintiff hereby re-alleges and incorporates by reference each and every allegation contained above as if fully set forth herein.

26. Plaintiff alleges, that at all times relevant herein, Defendants, each of them, inflicted or allowed to be inflicted, unlawfully, assault resulting in substantial bodily injury upon Plaintiff, including, but not limited to:

> (1) hiring, compensating encouraging, or by such other means, assailant/employee to stalk, intimidate, inflict substantial bodily injury and threaten further imminent danger to Plaintiff should Plaintiff continue with prior suit against CHOICE;
>
> (2) refusing to report, take evidence, protect, or in any manner, prevent the infliction of substantial bodily injury to Plaintiff when informed of said

imminent danger, all the while protecting and thus conspiring with CHOICE.

27. Plaintiff alleges, that at all times, as a citizen of these United States and a victim of CHOICE's unlawful telephone connections within CHOICE's hotel rooms, maintained the right to file suit against CHOICE for dereliction of duty to the citizens of these United States and to Plaintiff, without intimidation or the infliction of substantial bodily injury.

28. At all times prior to, and including each incident, Defendants, and each of them, carelessly, recklessly, and/or unlawfully acted, and/or failed to act, including, but not limited to, conspiring, failing to perform mandatory duties so as to cause substantial bodily injury and threat of imminent death upon Plaintiff, all the while protecting CHOICE.

29. On, or about, March 15, 2019, BRYCE was contacted by a person who claimed to be working on behalf of CHOICE and instructed BRYCE to cease and desist with the filing of an appeal in the matter against CHOICE. Further, BRYCE was informed that any continued actions taken against CHOICE would result in BRYCE's imminent death.

30. BRYCE immediately contacted SOPD to report the threat. BRYCE met with Officer Davis of the SOPD, who stood before BRYCE the entire time with hands folded at the waist, refusing to accept evidence of threat nor taking any notes, and instructed BRYCE to get a good night's rest and to reconsider reporting this threat.

31. On or about April 10, 2020 BRYCE contacted the FBI. The intake person stated that someone from the FBI would contact BRYCE within seven (7) to ten (10) business days. After the aforementioned time had passed, with no contact from FBI, again BRYCE contacted the FBI. This time BRYCE spoke with Agent Johnson and was told that it would be in BRYCE's best interest to disappear.

32. HOMELAND immediately opened an investigation into BRYCE for making threats against CHOICE, unlawfully labeling BRYCE a 'Lone Wolf Terrorist'.

33. BRYCE was contacted by Special Agent Frank Skrtic, Region 4, Threat Management Branch, Federal Protective Service of HOMELAND. When BRYCE gave evidence to Special Agent Frank Skrtic that it was, in fact, CHOICE which had made threats against BRYCE and was, in fact, in violation of CHOICE's government contract, HOMELAND immediately closed the case.

34. On, or about, June 16, 2019, BRYCE was contacted by Brenda Boykin, stating she was Attorney General of the FCC division of HOMELAND and further stated that CHOICE would not be investigated anytime in the distant future. When BRYCE inquired as to HOMELAND investigating the murder threats CHOICE had made against BRYCE, Brenda Boykin stated that this was not HOMELAND's problem, but good luck.

35. On, or about, November 27, 2019, BRYCE posted on social media that BRYCE would be continuing the case against CHOICE up to the Supreme Court. Within hours of this posting, BRYCE was attacked, beaten, repeatedly kicked in the head and left lying unconscious on the side of Highway 95, just outside of Richmond, Virginia, by CHOICE's assailant/employee whom had presented himself on behalf of CHOICE on two previous occasions.

36. When BRYCE regained consciousness, BRYCE sought medical attention at Southern Regional Medical Center, located in Petersburg, Virginia, where hospital staff contacted VASPD for BRYCE to file a formal report. Prior to meeting with VASPD, Imoni Woodberry entered BRYCE's room, claiming to be a victim's advocate for VASPD, and removed all traces of DNA evidence of CHOICE's assailant/employee from BRYCE's person.

37. BRYCE then met with Deputy Poselli Of the VASPD and, to the best of BRYCE's ability, notwithstanding the severe head trauma BRYCE had endured, reported the attack.

38. Within the hour, BRYCE was escorted by two uniformed police officers, to Southern Regional Medical Center's locked psychiatric facility for criminal detainees. BRYCE was detained at this locked facility, without care for head trauma or wounds, against BRYCE's will, without cause, without the ability to contact a lawyer, without any formal hearing or trial, for six days.

39. Upon BRYCE's release from this unlawful detention, BRYCE was informed that all DNA evidence collected of CHOICE's assailant/employee, had been destroyed.

40. As a direct and legal result of the wrongful acts and/or omissions of Defendants, and each of them, Plaintiff endured great pain and suffering, was forced to leave family and friends behind, go on the run in an attempt to stay alive, live as no human should ever have to who is within the law and the rights of our Constitution, causing irreparable pain and suffering upon Plaintiff.

## SECOND CAUSE OF ACTION
### Battery
### (Against Defendants for Damages)

41. Plaintiff hereby re-alleges and incorporates by reference each and every allegation contained above as if fully set forth herein.

42. Plaintiff alleges, that at all times relevant herein, Defendants, each of them, inflicted or allowed to be inflicted, unlawfully, assault resulting in substantial bodily injury upon Plaintiff, including, but not limited to:

> (3) hiring, compensating encouraging, or by such other means, assailant/employee to stalk, intimidate, inflict substantial bodily injury and

  threaten further imminent danger to Plaintiff should Plaintiff continue with prior suit against CHOICE;

  (4) refusing to report, take evidence, protect, or in any manner, prevent the infliction of substantial bodily injury to Plaintiff when informed of said imminent danger, all the while protecting and thus conspiring with CHOICE.

43. Plaintiff further alleges, that because Plaintiff refused to discontinue the suit against CHOICE, assailant/employee did, on November 27, 2019, physically assault Plaintiff, causing substantial bodily injury, severely beating, severely and repeatedly kicking in the head, leaving Plaintiff unconscious on the side of Highway 95 and did instruct Plaintiff that this would be the last warning, implying soundly to Plaintiff that the next encounter with CHOICE's assailant/employee would result in Plaintiff's imminent death.

44. As a direct and legal result of the wrongful acts and/or omissions of Defendants, and each of them, Plaintiff endured great pain and suffering from being beaten, resulting in substantial bodily injury, resulting in a time of unconsciousness, and receiving no medical attention for substantial head injuries, causing possible long-lasting damage, inflicting fear, panic, a need to run, pain and suffering upon Plaintiff.

### THIRD CAUSE OF ACTION

**Conspiracy Against Rights**

**(Against Defendants for Damages)**

45. Plaintiff hereby re-alleges and incorporates by reference each and every allegation contained above as if fully set forth herein.

46. Plaintiff alleges, that at all times relevant herein, Defendants, each of them, inflicted or allowed to be inflicted, unlawfully, assault resulting in substantial bodily injury upon Plaintiff, including, but not limited to:

> (5) hiring, compensating encouraging, or by such other means, assailant/employee to stalk, intimidate, inflict substantial bodily injury and threaten further imminent danger to Plaintiff should Plaintiff continue with prior suit against CHOICE;
>
> (6) refusing to report, take evidence, protect, or in any manner, prevent the infliction of substantial bodily injury to Plaintiff when informed of said imminent danger, all the while protecting and thus conspiring with CHOICE.

47. Plaintiff alleges, that at all times, if not simply as a citizen of these United States, but as a human being, Plaintiff was owed a duty by Defendants HOMELAND, FBI, VSPD and SOPD to protect and serve Plaintiff against CHOICE's assailant/employee, when informed of the imminent danger to Plaintiff, each by their actions conspiring with and at all times protecting CHOICE.

48. Plaintiff further alleges that all DEFENDANTS, at all times, have a duty to the citizens of these United States. If not to serve and protect, at the very least, to do no direct harm.

49. Plaintiff further alleges, on or about March 15, 2019, Plaintiff encountered CHOICE's assailant/employee, at which time CHOICE's assailant/employee informed Plaintiff that any further action taken, regarding suit against CHOICE, would end with Plaintiff's imminent death, at which point Plaintiff immediately informed Defendant SOPD who refused to accept evidence and was turned away to fend for oneself, being instructed by SOPD to get a good nights rest and reconsider reporting the threat by CHOICE's assailant/employee, by SOPD's actions conspiring with and protecting CHOICE.

50. Plaintiff further alleges, on or about April 10, 2019, Plaintiff had a second encounter with CHOICE's assailant/employee in San Francisco, CA, after filing further action against CHOICE in the previous suit, at which point CHOICE's assailant/employee placed himself in Plaintiff's path and configured a gun of his right hand, pointing this configuration in Plaintiff's face, stating that Plaintiff had made a poor choice in filing the further action.

51. Plaintiff immediately informed the local office of Defendant FBI, where Plaintiff was informed that someone would contact Plaintiff within seven (7) to ten (10) days. Defendant FBI did not contact Plaintiff, as promised. Plaintiff again contacted Defendant FBI, speaking with Agent Johnson, and was this time instructed that it would be in Plaintiff's best interest to disappear, by FBI's actions conspiring with and at all times protecting CHOICE.

52. HOMELAND immediately opened an investigation into BRYCE for making threats against CHOICE, unlawfully labeling BRYCE a 'Lone Wolf Terrorist'.

53. BRYCE was contacted by Special Agent Frank Skrtic, Region 4, Threat Management Branch, Federal Protective Service of HOMELAND. When BRYCE gave evidence to Special Agent Frank Skrtic that it was, in fact, CHOICE which had made threats against BRYCE and was, in fact, in violation of CHOICE's government contract, HOMELAND immediately closed the case.

54. On, or about, June 16, 2019, BRYCE was contacted by Brenda Boykin, stating she was Attorney General of the FCC division of HOMELAND and further stated that CHOICE would not be investigated anytime in the distant future. When BRYCE inquired as to HOMELAND investigating the murder threats CHOICE had made against BRYCE, Brenda Boykin stated that this was not HOMELAND's problem, but good luck.

55. On, or about, November 27, 2019, BRYCE posted on social media that BRYCE would be continuing the case against CHOICE up to the Supreme Court. Within hours of this posting, BRYCE was attacked, beaten, repeatedly kicked in the head and left lying unconscious on the side of Highway 95, just outside of Richmond, Virginia, by CHOICE's assailant/employee whom had presented himself on behalf of CHOICE on two previous occasions.

56. When BRYCE regained consciousness, BRYCE sought medical attention at Southern Regional Medical Center, located in Petersburg, Virginia, where hospital staff contacted VASPD for BRYCE to file a formal report. Prior to meeting with VASPD, Imoni Woodberry entered BRYCE's room, claiming to be a victim's advocate for VASPD, and removed all traces of DNA evidence of CHOICE's assailant/employee from BRYCE's person.

57. BRYCE then met with Deputy Poselli Of the VASPD and, to the best of BRYCE's ability, notwithstanding the severe head trauma BRYCE had endured, reported the attack.

58. Within the hour, BRYCE was escorted by two uniformed police officers, to Southern Regional Medical Center's locked psychiatric facility for criminal detainees. BRYCE was detained at this locked facility, without care for head trauma or wounds, against BRYCE's will, without cause, without the ability to contact a lawyer, without any formal hearing or trial, for six days.

59. Upon BRYCE's release from this unlawful detention, BRYCE was informed that all DNA evidence collected of CHOICE's assailant/employee, had been destroyed.

60. As a direct and legal result of the wrongful acts and/or omissions of Defendants, and each of them, Plaintiff endured great pain and suffering from being beaten, resulting in substantial bodily injury, resulting in a time of unconsciousness, and receiving no

medical attention for substantial head injuries, causing possible long-lasting damage, inflicting fear, panic, a need to run, pain and suffering upon Plaintiff.

## FOURTH CAUSE OF ACTION

### Abuse of Process

### (Against Defendants for Damages)

61. Plaintiff hereby re-alleges and incorporates by reference each and every allegation contained above as if fully set forth herein.

62. Plaintiff alleges, that at all times relevant herein, Defendants, each of them, inflicted or allowed to be inflicted, unlawfully, assault resulting in substantial bodily injury upon Plaintiff, including, but not limited to:

> (7) hiring, compensating encouraging, or by such other means, assailant/employee to stalk, intimidate, inflict substantial bodily injury and threaten further imminent danger to Plaintiff should Plaintiff continue with prior suit against CHOICE;

> (8) refusing to report, take evidence, protect, or in any manner, prevent the infliction of substantial bodily injury to Plaintiff when informed of said imminent danger, all the while protecting and thus conspiring with CHOICE.

63. United States Oath of Allegiance

   a) "I hereby declare, on oath, that I absolutely and entirely renounce and abjure all allegiance and fidelity to any foreign prince, potentate, state, or sovereignty, of whom or which I have heretofore been a subject or citizen; that I will support and defend the Constitution and laws of the United States of America against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same; that I will

bear arms on behalf of the United States when required by the law; that I will perform noncombatant service in the Armed Forces of the United States when required by law; that I will perform work of national importance under civilian direction when required by the law; and that I take this obligation freely, without mental reservations or purpose of evasion, so help me God."

64. Above is the Oath of Allegiance taken by the employees of HOMELAND, FBI, SOPD and VSPD. Each and every one of these Defendants has violated it.

65. Plaintiff further alleges, on or about June 14, 2019, Plaintiff informed Office of Government Contracts, whose job it is to ensure that all contracted companies maintain safe facilities which are kept up to code, that CHOICE's facilities were not up to code endangering the lives of military/government personnel.

66. At which point HOMELAND immediately opened an investigation into Plaintiff, alleging that Plaintiff was threatening CHOICE, until Plaintiff gave evidence to HOMELAND that it was, in fact, Plaintiff who was being threatened by CHOICE.

67. At which point HOMELAND immediately closed HOMELAND's investigation into Plaintiff, yet refused to investigate CHOICE's threat of imminent danger against Plaintiff, stating that HOMELAND would not be investigating CHOICE anytime in the distant future.

68. Further stating that protecting Plaintiff is not HOMELAND's responsibility and offering a salutation of good luck to Plaintiff in avoiding CHOICE's assailant/employee, by HOMELAND's actions conspiring with and at all times protecting CHOICE.

69. Plaintiff further alleges, on or about November 27, 2019, Plaintiff posted, on social media, intentions to continue suit against CHOICE up to the Supreme Court, at which point CHOICE's assailant/employee inflicted substantial bodily injury upon Plaintiff, which Plaintiff reported to VSPD, whom, not only refused to collect physical evidence of

attack, but also either ignored, constructed or assisted with the illegal incarceration of Plaintiff, by VSPD's actions conspiring with and at all times protecting CHOICE.

70. January 8, 2020 a fourth attempt to file a case in this matter was made. The judge decided to review the complaint itself before allowing it to be filed, even though this would never be done to any lawyer filing any case. Lawyers have inadvertently filed papers from a complete other case and the judge has never even taken a second look. It took the judge almost five months, but he found a legal precedence to dismiss the case upon before even allowing it to be filed, even though it's up to the Defendants to request such an action. Although it cannot be overlooked that they may have done so in ex-parte communications, which cannot be proven or even alleged at this point, but has been proven to be done by Defendants in the past.

71. The judge dismissed the case on April 20, 2020, having stalled it for nearly five months, ensuring that the Defendants would never even be served in this matter.

72. Three judges, in three different judicial systems, have made certain this case never sees the light of day. Salem Oregon Police Department, Federal Bureau of Investigation, Department of Homeland Security, Virginia State Police Department, all tasked with the responsibility of protecting BRYCE, have, at the very least, turned their backs, assisting in her danger. These Agencies and employees are bound, not just by the very nature of their jobs or the Mission Statements under which they took their oaths, but by the fact that an innocent human being is being persecuted, hunted down like a dog and left beaten on the side of the road as if she were nothing, and for no other reason than CHOICE doesn't want to fix their phones.

73. If citizens can't trust the people whose very existence is ONLY to protect the citizens, then who do we go to and why are they needed? BRYCE is still on the run for her life, with no one to protect her.

WHEREFORE, Plaintiff prays for relief set forth below.

## PRAYER FOR RELIEF

74. WHEREFORE, Plaintiff prays for judgement against Defendants as hereinafter set forth;

   a. Order Choice Hotels to bring all guest room telephones up to code within 6 months,

   b. For compensatory and general damages against Defendants in an amount according to proof,

   c. For past and future medical, incidental, and service expenses according to proof,

   d. For pre- and post-judgement interest on all damages as allowed by law,

   e. For cost of suit incurred herein,

   f. For such other and further relief as the Court may deem just and proper.

June 8, 2020

Michele Bryce, Pro Se
4532 W. Kennedy Blvd.
Tampa, FL 33609
(843) 301-2866

## JURY DEMAND

75. Plaintiff demands trial by jury on all issues so triable.

June 8, 2020

Michele Bryce, Pro Se
4532 W. Kennedy Blvd.

Tampa, FL 33609
(844) 301-2866

## CERTIFICATION

I declare under penalty of perjury that:

(1) No attorney has prepared, or assisted in the preparation of this document.

Michele Bryce
_____
Name of *Pro Se* Party (Print or Type)

*[signature]*
_____
Signature of *Pro Se* Party

Executed on: ____June 8, 2020____ (Date)

**OR**

(2) _____

(Name of Attorney)

_____

(Address of Attorney)

_____

(Telephone Number of Attorney)

Prepared, or assisted in the preparation of, this document.

_____

(Name of *Pro Se* Party (Print or Type)

_____

Signature of *Pro Se* Party

Executed on: _____ (Date)